**MAIL ORDER ASSOCIATION OF AMERICA, et al., Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

Civ. A. No. 88–778.

United States District Court, District of Columbia.

March 28, 1988.

David C. Todd, Washington, D.C., for Mail Order Ass'n of America.

Timothy J. May, Washington, D.C., for Parcel Shippers Ass'n.

David Minton, Washington, D.C., for Magazine Publishers Ass'n.

Ian D. Volner, Washington, D.C., for Third Class Mail Ass'n.

Michael F. Crotty, Washington, D.C., for American Bankers Ass'n.

Eugene E. Threadgill, Washington, D.C., for American Retail Federation and Council of Public Utility Mailers.

David E. McGiffert, Washington, D.C., for The Reuben H. Donnelley Corp.

Charles Geyh, Washington, D.C., for Direct Marketing Ass'n.

Jim Finch, Washington, D.C., for Direct Marketing Sector, Harte–Hanks Communications, Inc.

John L. DeWeerdt, Associate Gen. Counsel and Daniel J. Foucheaux, Jr., Asst. Gen. Counsel, U.S. Postal Service, for defendant.

CHARLES R. RICHEY, District Judge.

## Introduction

In this suit, plaintiffs challenge the legality of defendant's decision to adopt a postal rate increase effective April 3, 1988. Plaintiffs do not challenge the size of the rate increase or the methods by which it was adopted. Plaintiffs only challenge the legality of the effective date of the increase.

Plaintiffs ask for temporary and permanent injunctive relief. Due to extreme exigencies of time, the Court, by consent of the parties, combined a hearing on plaintiffs' applications for a temporary restraining order and a preliminary injunction with a hearing on the merits of plaintiffs' action. Defendant has moved to dismiss this action and advanced its arguments in favor of dismissal at the hearing. After thoroughly considering the points raised at oral argument, the very helpful briefs submitted by the parties, and the underlying law, the Court must conclude that it does not have jurisdiction over this action, will grant defendant's motion to dismiss, and, accordingly, will deny plaintiffs' applications for relief.

## Background

The Postal Reorganization Act of 1970, *codified at* 39 U.S.C. § 101 *et seq.*, established the statutory framework governing this case. That Act created a quasi-independent Postal Service run by a Board of Governors composed of the Postmaster General, the Deputy Postmaster General, and nine "Governors" appointed by the President with the advice and consent of the Senate. *Id.* at § 202.

The Act also created a Postal Rate Commission, which is charged with recommending any changes in postal rates or fees. *Id.* at § 3622. Upon a request from the Postal Service, the Postal Rate Commission conducts extensive hearings into the necessity and advisability of the proposed rate change. *Id.* at 3624(a). In most cases, the Commission must transmit its recommendation, including a written explanation of the appropriateness of the rate increase in light of specific statutory criteria, *see id.* at § 3622(b), to the Governors within ten months after the Postal Service's request. *Id.* at § 3624(c)(1).

Upon receiving the Commission's recommendation, the Governors may "approve, allow under protest, reject, or modify" the Commission's decision. *Id.* at § 3625(a)—(e). The statute further specifies that the Board determines the effective date of the changes. *Id.* at § 3625(f).

The parties do not dispute the facts surrounding the proposed rate increase. On May 7, 1987, the Postal Service filed a request asking the Postal Rate Commission to consider changing postal rates and fees. As required by regulation, that request asked the Rate Commission to consider revenue and expenses anticipated in a "test year," 39 C.F.R. § 3001.54 (1987); the Postal Service designated Fiscal Year 1989 as the test year. The request also assumed that the new rates and fees would become effective on June 4, 1988, the first day of the third quarter of the Postal Service "year."

The Rate Commission heard from more than one hundred witnesses, some of whom contested the legality of a rate increase that would take effect on a date prior to the start of the "test year." Nonetheless, on March 28, 1988, the Board of Governors issued a resolution determining that most of the changes recommended by the Commission would go into effect on April 3, 1988, even earlier than the originally contemplated June 4 date. On March 28, the Governors of the Postal Service issued a decision approving the Commission's recommendations and also issued an order, in accordance with the Board's determination, making those changes effective April 3, 1988, at 12:01 a.m.

Plaintiffs thereupon filed this suit. They do not challenge the general concept of a rate increase taking effect prior to the start of the test year; rather, they challenge the specific April 3 effective date, which they argue bears no relation to the evidence presented before the Commission. They ask the Court to declare the Postal Service's implementation of the proposed rate increase prior to June 4, 1988 illegal; they also ask the Court to enjoin defendants from implementing the proposed increase prior to the originally proposed June 4, 1988, date.

## THE COURT DOES NOT HAVE JURISDICTION OVER THIS SUIT.

Chapter 36 of Title 39 of the United States Code incorporates the Postal Reorganization Act's sections on "postal rates, classes, and services," and it is this chapter that establishes the procedures through which rate increases are recommended and implemented. This chapter is not silent on the matter of judicial review. Section 3628 states:

> A decision of the Governors to approve, allow under protest, or modify the recommended decision of the Postal Rate Commission may be appealed *to any court of appeals of the United States*, within 15 days after its publication by the Public Printer, by an aggrieved party who appeared in the proceedings under section 3624(a) of this title.... The court may not suspend the effectiveness of the changes, or otherwise prevent them from taking effect until final disposition of the suit by the court. No court shall have jurisdiction to review a decision made by the Commission or Governors under this chapter except as provided by this section.

At first blush, section 3628 does not seem to apply to challenges to the effective date of a rate increase, as it does not speak to actions of the Board of Governors. But, as the Court of Appeals for this Circuit has noted, "[n]o doubt what was contemplated, despite the unfortunate choice of words, was that the review is to be of an *order of the Postal Service* rather than of a 'decision of the Governors,' to which the draftsman of the statute loosely referred." *Association of American Publishers, Inc. v. Governors of the United States Postal Service,* 485 F.2d 768, 772 (D.C.Cir.1973). The Court's rationale is based on a fundamental legal principle: only orders, and not decisions, are appealable. *Id.*

This reasoning is directly applicable to the instant case. Here, the Board of Governors issued a "Resolution" establishing the effective date of the rate increase, but the Governors, and they alone, issued an order setting both the amount of the increase and its effective date. As only that Order, and not the Board's "Resolution," is appealable, the challenge must be lodged against the action of the Governors and not that of the Board. Thus, section 3628 is directly implicated and appeal properly lies

not in this Court but in the United States Court of Appeals.

Plaintiffs' arguments to the contrary are unconvincing. They would have the Court believe that Congress divided the duties of the Board and the Governors with surgical precision; under this reasoning, Congress expressly intended to deprive federal district courts of jurisdiction over actions of the Governors and not those of the Board. While plaintiffs may take some comfort from the wording of section 3628, neither the statute nor its legislative history supports their theory.

As mentioned above, section 3625(f) empowers the Board to determine the date on which postal rate increases take effect. Despite this grant of power to the Board, section 3625 is titled "Action of the *Governors*" (emphasis added). At the very least, by confusing the roles of the Governors and the Board the statute's language belies any claim that Congress carefully and precisely placed the Governors and the Board in different spheres of action. Moreover, the ambiguity also suggests that Congress envisioned the Board's role in setting the effective date of the rate increase as one part, even a subsidiary part, of the rate-setting power vested in the Governors.

The legislative history supports this view. The statute's language empowering the Board to determine the effective date of any rate increase (i.e., section 3625(f)) was taken directly from the Senate bill. *See* S. 3842, *reprinted at* 116 Cong.Rec. 21,521 (daily ed. June 25, 1970). The Senate Report on the Postal Reorganization Act clearly stated that:

> A decision recommended by the Postal Rate Commission may either be approved or rejected by the Governors.... If the recommendation of the Rate Commission is approved, *the decision of the Governors must specify the date or dates on which the new rates, fees, or classifications will become effective.*

S.Rep. 912, 91st Cong., 2d Sess. 16 (1970) (emphasis added). Hence, it appears that, despite the Board's power to "determine" the effective date of a rate increase, the

Governors' decision and accompanying Order give that determination its legal significance.

## CONCLUSION

The Court has rarely seen a statute as inartfully drafted as the Postal Reorganization Act. This imprecision has cost plaintiffs precious time in their challenge to a postal rate increase that they claim violates the law and the constitutional guarantees of due process. While the Court is well aware that plaintiffs need a speedy resolution to this suit, they have come to the wrong court in their quest for relief. Pursuant to Fed.R.Civ.P. 12(b)(1), the Court must dismiss this action, without prejudice to plaintiffs' right to transfer this suit to the United States Court of Appeals for the District of Columbia Circuit or their right to refile this action in the United States Court of Appeals for the District of Columbia Circuit.

The Court will issue an Order, of even date herewith, memorializing this Opinion.